Putnam J.
delivered the opinion of the Court. We have examined the authorities and considered the arguments adduced by the counsel for the plaintiff, with a desire to support the attachment which he made, and which it seems to us he did not intend to abandon ; but we are all satisfied, that the lien originally created has not been continued.
The general rule is well known, that the officer must have the possession of the goods attached, actually or constructively ; and that doctrine is found in all the cases cited for the plaintiff. In Baldwin v. Jackson, the furniture attached was delivered to a person to keep for the officer, and while n the hands of the keeper, the second attachment was made, after notice. So in Train v. Wellington and Vinton v. Bradford; the second attachment was made by one offi cer, while the goods were in the actual custody of anothei and the first who attached them. So in Gale v. Ward; the attachment was incomplete, because the machines attached were not removed, nor put into the hands of a keeper, to give notice to any officer who should afterwards come to attach them. In Bridge v. Wyman, a ship attached was permitted to be in the visible possession of the debtors, and a nominal delivery only was given to Coffin, the servant of the attaching officer, and no notice was given to the officer who made the second attachment; and the first was held to be a mere nominal attachment.[1]
*414 In the case at bar, the plaintiff seemed to think that he should not want any keeper, and that the goods would be safe in the debtor’s store, where they were put after they were attached. That would have been sufficient, if the plaintiff had kept the key. But he had not the key, nor any control of the shop, nor any possession by any one as his servant, for thirty or forty days after the goods were put there. On the contrary, the debtor had the actual possession of the store in which the goods were put, and paid the rent for it.
But it is contended that the defendant knew that the plaintiff had attached the goods, and so the attachment should be considered to be void as against him. All the evidence upon this point is, that the defendant knew that, some thirty or forty days before, the plaintiff had attached the goods, and that they had been afterwards in the possession of the debtor as has been before stated. The inference.to be drawn from those facts is matter of law, and is the subject of this inquiry. If it should be, that the lien originally created had been continued, then the defendant might be said to know that the goods were under attachment; but if not, then it could not be said that he knew they were. The facts would rather warrant the assertion, that the defendant knew that the attachment which had been made, had for some reason or other been discharged, than that he knew the original attachment subsisted when he undertook to attach.
We regret that an old and faithful officer should make such a mistake, and hope that he may not eventually suffer ; but however that may be, we are bound to administer the law as we find it. The plaintiff must be nonsuited.

 See Dunklee v. Fates, 5 N. Hamp. R. 528; Denny v. Willard, 11 Pick. R. 525; Robinson v. Mansfield, 13 Pick. 139; Fettyplacev. Dutch, 13 Pick. 388.